

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,624-01

### EX PARTE WILLIAM ERIC POTTER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23,223-2017A IN THE 402ND DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention with vehicle with deadly weapon (habitual) and sentenced to fifty years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Potter v. State*, No. 12-17-00201-CR (Tex. App. —Tyler May 31, 2018).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he failed to investigate his mental health history. Applicant also alleges that the State withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He alleges that

the State has results from a mental health evaluation conducted prior to trial, while Applicant was confined at the Wood County Jail, which was not turned over to the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether a *Brady* violation occurred. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed:   December 18, 2019

Do not publish